FILED
2019 Feb-15  PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **LUCRETIA D. YOUNG, an individual,** | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| | ) **CASE NO.:** _____ |
| | ) |
| | ) |
| | ) |
| **BRANDON D. SMITH, an individual, PICO TRANSPORTATION CORP., a corporation;** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **"A", "B" and "C", whether singular or plural, the person, firm, corporation, partnership, LLC, or other entity owning the vehicle which struck the motor vehicle operated by Plaintiff LUCRETIA D. YOUNG on the occasion made the basis of this suit; "D", "E" and "F", whether singular or plural, the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by an underinsured motorist, on the** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

1

occasion made the basis of this suit;      )
"G", "H" and "I", being the driver         )
of the motor vehicle which struck the      )
motor vehicle operated by Plaintiff        )
LUCRETIA D. YOUNG on the                    )
occasion made the basis of this suit;      )
"J", "K" and "L", whether singular         )
or plural, being the person, firm,         )
corporation, partnership, or other         )
entity which          insured the vehicle  )
driven  and/or  owned  by  the             )
aforementioned fictitious Defendants       )
and/or the underinsured motorist,          )
which struck the vehicle operated by       )
Plaintiff LUCRETIA D. YOUNG on             )
the occasion made the basis of this        )
lawsuit. Plaintiffs aver that the          )
identity of the fictitious party           )
Defendants is otherwise unknown to         )
Plaintiffs at this time, or if their       )
names are known to Plaintiffs, their       )
identity as proper party Defendants        )
is not known to Plaintiffs at this time,   )
but their true names and identities        )
will be substituted by amendment           )
when ascertained,                          )
                                           )
        Defendants.                        )

## PLAINTIFF'S COMPLAINT

## PARTIES

1. Plaintiff, LUCRETIA D. YOUNG, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2. Defendant, BRANDON D. SMITH, is an individual over the age of nineteen (19) and upon information and belief, is a resident citizen of the State of Arizona.

3. Defendant PICO TRANSPORTATION CORP. is a California corporation with its principal place of business in Los Angeles, California.

4. Fictitious Defendants A, B, and C, whether singular or plural, is the person, firm, corporation, partnership, or other entity owning the vehicle which caused the collision with the vehicle Plaintiff LUCRETIA D. YOUNG was operating, on the occasion complained of in this lawsuit.

5. Fictitious Defendants D, E, and F, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by the underinsured motorist, on the occasion made the basis of this lawsuit.

6. Fictitious Defendants G, H, and I, is the driver of the motor vehicle which caused the collision with the vehicle Plaintiff LUCRETIA D. YOUNG on the occasion made the basis of this lawsuit.

7. Fictitious Defendants J, K and L whether singular or plural, is the person, firm, corporation, partnership, or other entity which insured the vehicle driven and/or owned by fictitious Defendants and/or the underinsured motorist, which caused the collision with the vehicle Plaintiff LUCRETIA D. YOUNG was operating on the occasion made the basis of this lawsuit.

## JURISDICTION AND VENUE

8. The amount in controversy exceeds $75,000.00.

9. The collision made the basis of this lawsuit occurred in the Northern District of Alabama, Northern Division.

10. Complete diversity exists between the parties.

## FACTS

11. On or about the 4th of March, 2018 Plaintiff LUCRETIA D. YOUNG was driving a 2006 Hyundai Sonata and was traveling north on I-59 in Tuscaloosa, Alabama.

12. At the same time, Defendant BRANDON D. SMITH, who was operating a tractor trailer on behalf Defendant PICO TRANSPORTATION CORP., was

4

also traveling northbound on I-59, in Tuscaloosa, Alabama.

13. Prior to the wreck, LUCRETIA D. YOUNG had pulled onto the shoulder of the roadway. LUCRETIA D. YOUNG then re-entered the right lane of I-59 where she was able to reestablish herself.

14. As Defendant BRANDON D. SMITH was not paying attention to the road and was traveling too fast for the road conditions.

15. Due to the above-described driving Defendant BRANDON D. SMITH, failed to keep a proper lookout and rear-ended LUCREATIA D. YOUNG.

16. As a proximate consequence of Defendants' negligent and/or wanton conduct, Plaintiff suffered physical injuries as set forth below.

## COUNT ONE - NEGLIGENCE

17. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

18. At the aforesaid time and place, Defendant BRANDON D. SMITH was negligent in the operation of the commercial motor vehicle he was driving and said negligence caused a collision between his vehicle and the vehicle occupied by the Plaintiff.

19. As a result of the acts and/or omissions of the above-described Defendant, Plaintiff LUCRETIA D. YOUNG was injured and damaged as follows:

a. She suffered injuries to various portions of her body, including but not limited to a neck, back and chest;

b. She has experienced and continues to experience pain and suffering;

c. She is reasonably certain to experience pain and suffering into the future;

d. She has experienced and continues to experience mental anguish;

e. She is reasonably certain to experience mental anguish in the future;

f. She was knocked, shocked, bruised and contused over various portions of her body;

g. She was caused to incur personal injury medical expenses for treatment from various doctors, physicians and hospitals;

h. She was caused to incur out-of-pocket medical expenses;

i. She is reasonably certain to incur personal injury medical expenses in the future; and

j. She was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO - WANTONNESS

20. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

21. At the aforesaid time and place, Defendant BRANDON D. SMITH was wanton in the operation of the commercial motor vehicle, as the result of failing to maintain a proper lookout with knowledge that he was approaching an intersection. Said wantonness caused a collision between his vehicle and the

vehicles occupied by Plaintiff.

22. As a proximate consequence of the wantonness of Defendants, and/or fictitious defendants, Plaintiff was injured and damaged as set forth in paragraph twenty-one (21).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – RESPONDEAT SUPERIOR

16.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

17.     At the time and place of the incident made the basis of this suit, Defendant Brandon D. Smith was operating a commercial motor vehicle in the line and scope of his employment for Defendant Pico Transportation Corp.  As such, Defendant Brandon D. Smith was an agent and/or employee of Defendant Pico Transportation Corp. was the master or principal of Defendant Brandon D. Smith and are vicariously liable for his actions.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment

7

against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

18.　　　　Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

19.　　　　At the time of the occasion made the basis of this lawsuit, and for some time prior thereto, Defendant Pico Transportation Corp. was responsible for the hiring, training, supervising, and retention of Defendant Brandon D. Smith. Defendant Pico Transportation Corp. negligently and/or wantonly failed to hire, train, supervise, and retain Defendant Brandon D. Smith. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

8

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

21.      Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

22.      At the time of the accident made the basis of this Complaint, Defendant Pico Transportation Corp. was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant Brandon D. Smith.   Defendant Pico Transportation Corp.  negligently and/or wantonly entrusted said vehicle to Defendant Brandon D. Smith who negligently and/or wantonly operated said vehicle injuring the Plaintiff.   Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

Respectfully Submitted,

C. Todd Buchanan (ASB-9028-N42J)
Attorney for Plaintiff

9

**OF COUNSEL**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:            (205) 983-8166
Facsimile:        (205) 983-8466
Email:            tbuchanan@asilpc.com

Plaintiff's Address:

Lucretia D. Young
c/o C. Todd Buchanan
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

**BRANDON D. SMITH**
**20706 W. Stone Hill Rd.**
**Buckeye, AZ 85396**

**PICO TRANSPORTATION CORP.**
**c/o Christopher Park**
**1329 W. 5th St. Apt 303**
**Los Angeles, CA 90017**